**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50111 |
| Plaintiff-Appellee, | |
| v. | D.C. No. 3:18-cr-05142-LAB-1 |
| ABELARD FUENTES-CASTRO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, Chief District Judge, Presiding

Argued and Submitted May 5, 2020
Pasadena, California

Before: GOULD and CHRISTEN, Circuit Judges, and HELLERSTEIN,** District
Judge.

Defendant-Appellant Abelard Fuentes-Castro challenges the district court's

imposition of standard conditions of supervised release in the written judgment

entered after his conviction for attempted reentry after removal. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Alvin K. Hellerstein, United States District Judge for
the Southern District of New York, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we vacate the standard conditions of supervised release and remand.[1]

We review de novo whether the oral pronouncement of a sentence conflicts with the written judgment. *United States v. Napier*, 463 F.3d 1040, 1042 (9th Cir. 2006).

The district court stated at sentencing that it was imposing a term of supervised release to deter Fuentes-Castro from unlawfully reentering the United States. Although the Sentencing Guidelines state that courts "ordinarily should not impose" a supervised-release term if the defendant "likely will be deported after imprisonment," U.S.S.G. § 5D1.1(c), a supervised-release term may be substantively reasonable where the district court "gave a specific and particularized explanation that [it] would provide an added measure of deterrence," *United States v. Valdavinos-Torres*, 704 F.3d 679, 693 (9th Cir. 2012). The transcript shows the district court was clearly concerned with deterring Fuentes-Castro from reentering the country.

It may be that the district court intended the conditions of supervised release to only apply if Fuentes-Castro reentered the United States, consistent with the

---

[1] Because the parties are familiar with the facts and procedural history of this case, we do not recite them here.

presentence report recommendation to impose supervised release with the qualifier that "supervision [is] waived upon deportation, exclusion, or voluntary departure." But the written judgment did not explain that Fuentes-Castro is subject to the standard conditions only if he reenters the United States, and at least some of the standard conditions are inconsistent with Fuentes-Castro residing outside of the country.

We vacate the standard conditions imposed by the judgment, and remand for the district court to determine upon resentencing which standard conditions apply, and when, and whether they will apply outside of the United States. *Cf. Napier*, 463 F.3d at 1043–44 (vacating and remanding where "we cannot say the inclusion of . . . conditions in the written judgment created a direct conflict," but "we do not have a complete and unambiguous sentence to leave intact").

In light of this disposition, we need not reach Fuentes-Castro's constitutional challenges to the standard conditions.

**VACATED and REMANDED**, with the parties to bear their own costs.